# Hall *against* Galbraith.

A constable's return to an execution, that he had levied, and that the property was "not sold by J. T. H. becoming responsible for the consequences:" *Held*, to be insufficient.

In an action against the constable for such insufficiency, it is not competent to him to prove that the property did not belong to the defendant in the execution.

If he has reason to doubt about the ownership of it, he may require the plaintiff to indemnify him; and if he refuses to sell, not having done so, he becomes liable.

ERROR to the common pleas of *Mifflin* county.

Bartram Galbraith against Benjamin D. Hall, constable.

The plaintiff, B. Galbraith, obtained a judgment against John Armer, before a justice, upon which he issued an execution, and placed it in the hands of the defendant, B. D. Hall, constable, who made return, "levied on a lot of boards, a lot of stuff framed for the Episcopal church, shingles and other lumber thereto pertaining, now on the ground as the property of defendant. The above property not sold by J. T. Hale becoming responsible for the consequences." The plaintiff deeming this an insufficient return, brought this suit against the constable for the amount of his judgment. On the trial, the defendant gave in evidence a letter of the plaintiff, written to

[Hall v. Galbraith.]

the constable, directing him to go on and levy the property at the church, and he would indemnify him from any loss.

The defendant further offered to prove that the property levied did not belong to Armer, but to the church. This evidence was objected to and overruled; and (Burnside, president) charged the jury that the return of the constable was clearly insufficient, and that their verdict should be for the plaintiff. Verdict and judgment accordingly.

*Hale,* for plaintiff in error, cited 16 *Serg. & Rawle* 68; 8 *Johns.* 185.

*Wilson,* for defendant in error.

The opinion of the Court was delivered by

Rogers, J.—The 12th section of the act of 1810, directs that, on delivery of an execution to a constable, an account shall be stated on the docket of the justice, and also on the back of the execution, of the debt, interest and costs, from which the constable shall not be discharged but by producing to the justice, on or before the return day of the execution, the receipt of the plaintiff, or such other return as may be sufficient in law. The defendant, who was the constable, returned that he had levied on a lot of pine boards, a lot of stuff framed for the Episcopal church, shingles, &c., thereto pertaining, &c., as the property of the defendant. The property not sold, by J. T. Hale becoming responsible for the consequences, &c.

It does not appear when the execution was returned, but this is immaterial, as the cause is not put on that ground, but on the legality of the return. When the constable makes a levy, it is his duty to sell the goods on which the levy is made, and have the money at the return day of the execution, or show some reasonable cause, in his return, to excuse his non-compliance with the command of his writ. The return here is, that he levied on the goods as the property of the defendant, in the execution, but that he did not sell them, because Mr. Hale, a stranger, claimed the property, and became responsible to him for the consequences. But this is not such a return as will discharge him from the debt, for if it would, it is very evident there would be an end to the collection of debts by a justice, as it would be very easy for a defendant to delay the payment for an indefinite space of time, by procuring a friend to claim the goods, and give security to the constable. It was to prevent collusion between the constable and the defendant, that the act fixes the constable for the debt, unless he pursues the course pointed out by the law. Nor do I understand that this is denied; but it is said that this is an exception to the rule, because when the execution was placed in the hands of the constable, the plaintiff knew there was a difficulty as to the title, and that it was his duty, in the first instance, and before the constable was bound to proceed, to

indemnify him. But granting this position, in its utmost extent, this should appear in the return, and cannot be proved *aliunde;* for by the express provisions of the act, the constable cannot be discharged except by a receipt from the plaintiff, or by a legal return. Hence it follows that it is of no sort of consequence in whom the right of property is, as that cannot be tried in the action against the constable. The rule which governs this case is laid down in Spangler *v.* The Commonwealth, 16 *Serg. & Rawle* 68. Wherever a writ of *fieri facias* is levied upon goods, and there is a claim of property adverse to the defendant in the execution, of such a nature as would raise a doubt as to the title in the mind of a man of ordinary firmness, the officer has a right to call on the plaintiff for a reasonable indemnity. This principle furnishes a safe and salutary rule for the government of the sheriff, as well as for the protection of the plaintiff; a proper regard is paid to the interest of each. It prevents delay on frivolous and vexatious pretences on the one hand, and, as is just, avoids a risk in the performance of a duty on the other; for when the claim is made under colour of title, the officer has a right to a reasonable indemnity, and if it should be refused, on demand, a return of the facts would exonerate him from any liability for the debt. But here no demand was made, and the plaintiff has a right to believe that no indemnity was thought necessary. He knew that there would be a claim of property, and of this he informed the constable, in the most perfect good faith, and offered, in his letter, to stand good for the costs. To all this no objection was made by the constable. After this, it will not do to permit the constable to allege that the plaintiff did not offer to indemnify him from the consequences of the levy and sale. If a formal demand had been made, it is by no means certain that ample security might not have been given. In New York, the sheriff summons an inquest for his protection, a practice which has never been pursued in Pennsylvania. The case, therefore, in 8 *Johns. Rep.* 185, does not apply. It is there held that an inquisition made by a sheriff's jury to ascertain whether the property or goods taken on a *fieri facias* is in the defendant or not, if found not to be in him, is a justification to the sheriff for returning *nulla bona,* and a conclusive defence in an action against him for a false return, unless it be shown he did not act with good faith. But if an adequate indemnity is tendered to the sheriff, and he should unreasonably refuse it, he is bound to proceed and sell the goods, as he is liable for a false return. This case shows the anxiety of the court to protect the plaintiff. In the first place, it is the duty of the sheriff to proceed with the execution to sale, unless the goods, on inquest found, are proved not to be the property of the defendant. But even when this is the case, the plaintiff has a right, notwithstanding, to insist on a sale, when he tenders him a reasonable indemnity.

It has been nowhere held that the plaintiff is bound to offer an indemnity before it is required by the officer. Nor will every

[Hall v. Galbraith.]

frivolous objection protect the officer, as he would be liable to an action for a false return, unless there was reasonable ground for apprehension that he would be endangered by the levy and sale. When there is reasonable cause of doubt, he may protect himself by demanding adequate security, and this is all that he can require.

Judgment affirmed.